UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.  : | Case No. 21-mj-71-2 (ZMF) |
| : | |
| LISA MARIE EISENHART, : | |
| : | |
| Defendant. : | |
| _____ : | |

## MOTION FOR EMERGENCY STAY AND
## FOR REVIEW OF RELEASE ORDER

The United States appeals a Middle District of Tennessee Magistrate Judge's release order, which takes effect Tuesday, January 26, at 6:00 p.m. EST, and moves for an emergency stay until an appeal is resolved. The defendant is Lisa Eisenhart, co-defendant to Eric Munchel, whose release order is under appeal to this Court. *See* ECF Nos. 3, 4.

### BACKGROUND

The defendant, along with Munchel, traveled to Washington, D.C. to attend the "Stop the Steal" rally on or about January 6, 2021, to block the outcome of the 2020 Presidential election. After stashing weapons in a bag outside of the Capitol, the defendant—who donned a tactical vest—stormed inside through a door breached by insurgents. Once inside, the defendant grabbed a handful of Capitol Police flexicuffs. Then, with her co-conspirator, Munchel—who traveled with her, was also wearing a tactical vest and took flexicuffs, and was further armed with a taser— the defendant joined a group of insurgents searching for Members of Congress. Surrounded by insurgents exhorting veiled threats such as "Treason!", "Anybody home?", "They're cowards!", and "Are you afraid?", the defendant infiltrated the Senate chamber—only minutes after the Senate body, including the Vice President of the United States, had been evacuated. The invasion halted

<s>the proceedings of a Joint Session of Congress, which had convened to certify the Electoral College vote as required by the Twelfth Amendment.  As she later justified to a reporter who had questioned her reasons for storming the Capitol, Eisenhart explained that she would rather "die" and "fight" than "live under oppression."

Government Appeal Exhibit No. 1



Government Appeal Exhibit No. 2

the proceedings of a Joint Session of Congress, which had convened to certify the Electoral College vote as required by the Twelfth Amendment.  As she later justified to a reporter who had questioned her reasons for storming the Capitol, Eisenhart explained that she would rather "die" and "fight" than "live under oppression."

Government Appeal Exhibit No. 1



Government Appeal Exhibit No. 2



On January 16, 2021, the defendant was arrested in Tennessee under a complaint/warrant issued by U.S. Magistrate Judge for the District of Columbia Zia M. Faruqui. The complaint jointly charged the defendant and Munchel, her son, with entering a restricted building without lawful authority, in violation of 18 U.S.C. § 1752(a), violent entry on Capitol grounds, in violation of 40 U.S.C. § 5104(e)(2), civil disorder, in violation of 18 U.S.C. § 231(a)(3), and conspiracy to commit each of these offenses, in violation of 18 U.S.C. § 371. On January 25, Magistrate Judge Jeffrey S. Frensley of the Middle District of Tennessee conducted a preliminary and detention hearing. Magistrate Judge Frensley found probable cause, denied the government's detention motion, and ordered the defendant released to home confinement. At the government's request, Magistrate Judge Frensley stayed the release order until Tuesday, January 26 at 6:00 p.m. EST.

The facts underpinning this appeal arise from those detailed in the Appeal of Release Order and Emergency Motion for Stay Pending Appeal filed by the government on January 24, 2021, in co-defendant Munchel's case, ECF No. 3, as well as the Affidavit in Support of the Criminal Complaint, ECF No. 1, which we incorporate by reference.

## ARGUMENT

### I. Legal Standard

Because this Court has original jurisdiction over the defendant's prosecution, it has sole authority to review the Magistrate Judge's release order and may stay that order pending review. *See* 18 U.S.C. § 3145(a)(1) ("If a person is ordered released by a magistrate, . . . the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release."); *see also, e.g.*, *United States v. El-Edwy*, 272 F.3d 149, 152-54 (2d Cir. 2001) ("With respect to the decision whether to detain or conditionally release the defendant, . . . section 3145(a) makes clear that the ultimate authority

lies with the district that has the primary interest in the question—the district in which the prosecution is pending."). The review of a magistrate's release order is *de novo*. *See, e.g., United States v. Tortora*, 922 F.2d 880, 883-84 (1st Cir. 1990); *United States v. Hudspeth*, 143 F.Supp.2d 32, 35-36 (D.D.C. 2001) (Kennedy, J.).

The government may move for pretrial detention in any case, among others, charging "any felony . . . that involves the possession or use of . . . any [ ] dangerous weapon," 18 U.S.C. 3142(f)(1)(D), or involving "a serious risk that such person will flee," *id.* § 3142(f)(2)(A). The defendant is subject to a pretrial detention request by the government in this case, because (1) she is charged with felony offenses arising from her participation in the Capitol insurrection while, in combination with Munchel, she was armed with flexicuffs, a taser, and another dangerous weapon, and (2) she poses a flight risk. If the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, [the Court] shall order the detention of the person before trial." 18 U.S.C. § 3142(e)(1). A finding of either risk of flight or danger is sufficient for detention. *See e.g., United States v. Ferranti*, 66 F.3d 540, 543-44 (2d Cir. 1995). The former must be established by a preponderance of the evidence, *United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996), and the latter by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(B). The government may proceed by proffer. *United States v. Smith*, 79 F.3d 1208, 1209-10 (D.C. Cir. 1996). The Court should consider: (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the defendant's history and characteristics, and (4) the nature and seriousness of the danger the defendant poses to any person or the community. 18 U.S.C. § 3142(g).

## II.     Discussion

The statutory factors support pretrial detention.

The nature and circumstances of the offense involve fear, intimidation, and violence—directed at law enforcement, elected public officials, and the entire country.  The defendant can make no serious claim that she went to the Capitol on January 6 intending to engage in peaceful protest or civil disobedience.  Instead, the evidence supports the conclusion that she intended to contribute to chaos, obstruct the Electoral College certification, and sow fear.  Specifically, Eisenhart, dressed for combat in a tactical or bulletproof vest, stormed the Capitol building with other insurgents and:

- carried dangerous "weapons" onto Capitol grounds and stashed them before storming the Capitol building, because "We're going straight to federal prison if we go in there with weapons";

- encouraged insurgents to climb a Capitol wall and storm inside, exhorting: "Yeah, go up in there.  You can go up in there now";

- encouraged Munchel to go inside the Capitol despite knowing that Capitol Police were trying to keep insurgents out—including by using tear gas ("we're going in"; "the [tear] gas isn't bad");

- cheered on another insurgent who she understood to have "punched two of *them* in the face"—likely a reference to Capitol Police;

- celebrated as her "best day" an assertion by another insurgent that Members of Congress had been tear gassed ("That is [unintelligible] my best day, to know they got tear gassed.");

- grabbed Capitol Police flexicuffs from inside the Capitol and searched for Members of Congress alongside other insurgents, together shouting threatening chants of: "Anybody home?"; "They went into the tunnels"; "Where'd you go?"; "They're cowards!"; "Are you afraid?"; and "Treason!"; and

- cognizant of the severity of her and Munchel's crimes, advised before leaving the Capitol: "Don't carry the zip ties, just get 'em out of their hand, out of [unintelligible] get 'em out of our hands."

5

The offense circumstances illustrate a profound disrespect for the rule of law and law enforcement, indicating that the defendant's unwillingness and incapacity to respect court-imposed conditions and demonstrating that no release condition will reasonably assure the community's safety.

Importantly, the weight of the evidence against the defendant is immense: she has been photographed and caught on tape inside the Capitol chamber in a tactical vest, equipped with flexicuffs, and alongside her co-defendant—who bragged that he traveled to Washington on January 6 to "fight if necessary" and who was similarly clad in battle fatigues, also equipped with flexicuffs, and armed with a taser. Eisenhart's moves around the Capitol perimeter, including her admission to carrying a weapon and stashing it, along with her storming of the Capitol, were captured on videotape by Muchel's cell phone. The evidence amassed so far subjects the defendant and Munchel to felonies beyond that with which they have been charged so far, including obstructing Congress, interstate travel in furtherance of rioting activity, sedition, and other offenses. These offenses carry substantial penalties, which incentivizes flight and evading law enforcement—a thought that Munchel, her co-conspirator, after being exposed, appears to have already contemplated by virtue of avoiding his residence and workplace, terminating his Facebook account, and leaving his cell phone with an associate. The significance of her conduct and the consequences thereof must also have been apparent to the defendant, as she claimed to a reporter that she and Munchel went inside the Capitol only as "observers." *See* https://www.thetimes.co.uk/article/trumps-militias-say-they-are-armed-and-ready-to-defend-their-freedoms-8ht5m0j70 (last viewed January 23, 2021).

Finally, as we asserted in the Munchel appeal, it is difficult to fathom a more serious danger to the community—to the District of Columbia, to the country, or to the fabric of American Democracy—than the one posed by armed insurrectionists, including the defendant and Munchel,

who joined in the occupation of the United States Capitol.  Every person who was present without authority in the Capitol on January 6 contributed to the chaos of that day and the danger posed to law enforcement, the Vice President, Members of Congress, and the peaceful transfer of power.  The defendant's specific conduct aggravated the chaos and danger.  It was designed to intimidate Members of Congress and instigate fear across the country.  The defendant's active participation in a violent insurgency on the Capitol designed to undermine the democratic process poses a serious and ongoing danger to the community that no release condition can reasonably assuage.  As co-conspirator Munchel told *The Times* reporter: "[t]he point of getting inside the building [was] to show them that we can, and we *will*" (emphasis added); and as the defendant maintained, she would rather "die" and "fight" than "live under oppression."  Only detention mitigates the grave danger the defendant and Munchel pose.

## CONCLUSION

There is no release condition or combination of release conditions that will reasonably assure the community's safety or the defendant's return to court.  This Court should stay the Middle District of Tennessee Magistrate Judge's release order and, after a hearing, order the defendant detained pending a trial.  To effectuate the stay, it must be entered before 6:00 p.m. EST on Tuesday, January 26, 2021.  Proposed stay and transportation orders are attached.

        Respectfully submitted,

        MICHAEL R. SHERWIN
        ACTING UNITED STATES ATTORNEY

        */s/*

        _____
        AHMED M. BASET
        Assistant United States Attorney

```
```

IL Bar 630-4552
U.S. Attorney's Office for the District of Columbia
Public Corruption & Civil Rights Section
555 4th Street, N.W.
Washington, D.C. 20530
Email: ahmed.baset@usdoj.gov
Phone: 202-252-7097


_____
J.P. COONEY
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
Public Corruption & Civil Rights Section
555 4th Street, N.W.
Washington, D.C. 20530
D.C. Bar No. 465429
Email: joseph.cooney@usdoj.gov
Phone: 202-252-7281


_____
JUSTIN SHER
Trial Attorney
D.C. Bar No. 974235
National Security Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C.  20004
Email: justin.sher@usdoj.gov
Office: 202-353-3909

**CERTIFICATE OF SERVICE**

      I certify that I will provide a copy of the foregoing Appeal of Release Order and Emergency Motion for Stay Pending Appeal to the Federal Public Defender in the Middle District of Tennessee, which is currently representing the defendant in proceedings before that court.

_____
AHMED M. BASET
Assistant United States Attorney
Public Corruption & Civil Rights Section